Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Philip G. Reinhard | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 50392 | **DATE** | 12/17/2002 |
| **CASE TITLE** | Murley vs. Landmark Publishing Corp. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Plaintiffs' motion to remand

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   For the reasons stated on the reverse Memorandum Opinion and Order, plaintiff's motion to remand is granted. The clerk of the court is ordered to remand this case to the Circuit Court for the 17th Judicial Circuit, Winnebago County.

(11) ■ [For further detail see order on the reverse side of the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| | No notices required. | number of notices | |
| X | Notices mailed by judge's staff. | DEC 19 2002 | 8 |
| | Notified counsel by telephone. | date docketed | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| X | Copy to judge/magistrate judge. | 12-17-02 | |
| | | date mailed notice | |
| /LC | courtroom deputy's initials | | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

# MEMORANDUM OPINION AND ORDER

Plaintiffs, Maureen and William Murley, have sued defendant, Landmark Publishing Corp., f/k/a Diploma-Art Galleries, Ltd. ("Landmark"), for violations of the Illinois Franchise Disclosure Act, 815 ILCS 705/1 et seq. The Murleys originally filed this action in state court but Landmark has removed the case to this court on the basis of diversity jurisdiction. See 28 U.S.C. §§ 1332, 1441. Before the court is the Murleys' motion to remand the case back to state court, filed pursuant to 28 U.S.C. § 1447(c).

It is undisputed the parties are of diverse citizenship, as the Murleys are both citizens of Illinois and Landmark is incorporated with its principal place of business in Georgia. What is disputed is whether the amount in controversy has been met. Regrettably, it seems both sides are to blame in part for the confusion over this issue. As the party invoking this court's jurisdiction, however, Landmark carries the burden of providing competent proof that establishes to a "reasonable probability that jurisdiction exists." Chase v. Shop 'N Save Warehouse Foods, Inc., 110 F.3d 424, 427 (7th Cir. 1997) (internal quotations and citations omitted).

The Murleys have actually filed this action twice in state court. The first version of their complaint included the following allegations with regard to their damages: (1) $87,000 for the return of a franchise fee (consisting of a $15,000 fee upon execution of the franchise agreement and a separate $72,000 fee for a "minimum Guarantee purchase of Defendant's product materials"); (2) $40,000 in out of pocket expenses; and (3) attorney's fees and costs. (Case No. 02 C 50202, Compl. ¶¶ 11-12, 19, *ad damnum* clause) Based on these allegations, Landmark removed the case to this court on May 23, 2002, as the amount in controversy equaled $127,000, clearly exceeding the statutory minimum. Soon after, though, the parties agreed to dismiss the case without prejudice, which this court did on July 12, 2002. A few months later, the Murleys filed the same case in state court again but with a few changes. First they dropped their requests for $40,000 in out of pocket expenses and attorney's fees and costs. Then they added a vague allegation that "some credits have been issued" against the $72,000 fee. (Case No. 02 C 50392, Compl. ¶ 12) Finally, they cryptically amended their *ad damnum* clause to request judgment "in an amount not to exceed $74,000."

Because they have requested less than $75,000 in the *ad damnum* of their new complaint, the Murleys insist the case must be remanded back to state court. In response, Landmark argues the court should ignore the *ad damnum* and focus instead on the amount that is actually "at stake," as evidenced by the pleadings themselves – both the new and old complaints. See BEM I, L.L.C. v. Anthropologie, Inc., 301 F.3d 548, 552 (7th Cir. 2002). To a certain extent, the court agrees it cannot just rely on the *ad damnum* to determine the amount in controversy. But if that is the case, Landmark continues, it makes no sense that the value of the Murleys' cause of action is now worth $53,000 less than it was before ($48,000 according to Landmark, but this appears to be a miscalculation; $127,000 - $74,000 = $53,000), especially when the factual basis of their claim has remained unchanged, and so the court should hold the Murleys to what they alleged the first time around. Moreover, Landmark argues that even the Murleys' new complaint makes it clear the actual value of their suit is still worth at least the $87,000 franchise fee. (Case No. 02 C 50392, Compl. ¶¶ 11-12)

The court certainly has its doubts about the genuineness of the Murleys' revised *ad damnum* requesting no more than $74,000, as it seems deliberately designed to avoid the $75,000 minimum. It also seems to contradict the Murleys' allegations that they have shelled out $87,000 and which, by implication at least, they want returned to them by virtue of having the court rescind the franchise agreement. And this is to say nothing of the now missing $40,000 in out of pocket expenses. Nevertheless, these inconsistencies could be reasonably explained (although the Murleys make no attempt to do so) by the allegation that "some credits have been issued" against the $72,000 fee. On the other hand, "some" is not particularly helpful as it does not identify exactly *how much* the Murleys have received in credits and, more specifically, whether that amount is enough to drop the total below $75,000.

Surprisingly, the Murleys do not reply to any of these concerns. Nor do they even attempt to explain the rather confusing state of their pleadings. Instead, they shift the blame to Landmark for not following Local Rule ("LR") 81.2, which outlines the procedures to be used when a case is removed on the basis of diversity jurisdiction and there is no express *ad damnun* exceeding the statutory amount in controversy. On this point, the court agrees with the Murleys. Given the uncertainty over the amount in controversy, it is hard to fault Landmark for being overly cautious in removing the case a second time. Still, this same uncertainty, especially in the absence of an express *ad damnum* in excess of $75,000, meant that Landmark should have complied with LR 81.2 to obtain an admission from the Murleys that the amount in controversy in fact exceeds $75,000. Thus, the court will remand the case back to state court.[1]

For the reasons stated above, the Murleys' motion to remand is granted.

---

[1] Landmark of course is still free to invoke LR 81.2 on remand. If the Murleys then admit (or refuse to admit) the damages they are seeking exceed $75,000, Landmark is entitled to remove the case a third time; if, however, they admit they are seeking less than $75,000, Landmark has thereby limited its potential liability (although it will be required to stay in state court).